UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. OAKES, SR.,

    Plaintiff,                                      Case No. 1:16-cv-96

v.                                                    HON. JANET T. NEFF

KATHY DANHOF, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

      This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On February 5, 2016, the Magistrate Judge filed a Report and Recommendation (R&R, Dkt 6), recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on grounds that the complaint fails to state a claim on which relief may be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Objs., Dkt 8) and Motion to Appoint Counsel (Dkt 12). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motion, and issues this Opinion and Order.

      Plaintiff objects to the Magistrate Judge's recommendation that his case be dismissed for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6), essentially because his complaint contains "sufficient factual matter" and because his "motivation in *re-filing* this complaint was prompted by the $410.00 that was recently taken from [Plaintiff], to terminate

the polygraph debt of $5,638.78[,] which will discontinue the continuing wrong[,] and to address all other constitutional violations including the unlawful confinement" (Objs., Dkt 8 at PageID.80, 82–83).

Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge recommended dismissing Plaintiff's complaint because it is a "delayed attempt to re-file or request reconsideration of Case No. 1:09-cv-00952-RJJ, which was dismissed on September 20, 2010" (R&R, Dkt 6 at PageID.76). Plaintiff's prior complaint, Case No. 1:09-cv-00952-RJJ, was dismissed with prejudice, and Plaintiff now seeks recovery on the same alleged injury—improperly ordered polygraph tests and payments (Dkt 1 at PageID.2). The Magistrate Judge properly concluded the instant suit was subject to dismissal on the ground of claim preclusion. *See Gonzalez v. Bostic*, No. 1:16-cv-888, 2016 WL 4974977, at *3 n.5 (W.D. Mich. Sept. 19, 2016) (doctrine of claim preclusion or res judicata, "provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented" (citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994) and *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 467 n.6 (1982)).

To the extent Plaintiff attempts to argue that this case involves a "continuing wrong" (Objs., Dkt 8 at PageID.83), any such argument does not shield this case from claim preclusion. *See Zibbell v. Marquette Cty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *11 (W.D. Mich. Feb. 20, 2013) ("Where it is obvious that the alleged ongoing unlawful conduct is actually the defendant continuing on the same course of conduct …, the court reviewing the second or subsequent lawsuit

must conclude that the plaintiff is simply trying to relitigate the same claim …"); *see also Dubuc v. Green Oak Twp.*, 312 F.3d 736, 748-49 (6th Cir. 2002) (declining to recognize a recurring issue of wrongdoing based on later misconduct or to extend the continuing violation theory to the doctrine of claim preclusion in a § 1983 context).

Plaintiff's objections are without merit. Because Plaintiff's complaint is properly dismissed, his pending Motion for Appointment of Counsel (Dkt 12) is denied as moot. Regardless, Plaintiff fails to show any exceptional circumstances justifying the appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

A Judgment will be entered consistent with this Opinion and Order. See FED. R. CIV. P. 58. For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 8) are DENIED and the Report and Recommendation (Dkt 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Dkt 12) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: October 11, 2016                           /s/ Janet T. Neff
                                                                                             JANET T. NEFF
                                                                                             United States District Judge